IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01346–MSK–KMT

LNC COMMUNITIES II, LLC, formerly known as GENESEE COMMUNITIES II, LLC,
successor by merger to GENESEE COMMUNITIES II, INC.,
THE GENESEE COMPANY, LLC, formerly known as FORTRESS GENESEE I, LLC,
successor by merger to THE GENESEE COMPANY,
LENNAR COLORADO, LLC, successor by merger to THE GENESEE COMPANY, LLC, and
LENNAR FAMILY OF BUILDERS LIMITED PARTNERSHIP,

    Plaintiffs,

v.

AMERICAN SAFETY RISK RETENTION GROUP, INC.,
ONEBEACON INSURANCE COMPANY, formerly known as GENERAL ACCIDENT
INSURANCE COMPANY OF AMERICA,
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
THE OHIO CASUALTY INSURANCE COMPANY, and
CHARTIS CLAIMS, INC.,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiffs' "Motion for Leave to File Second Amended Complaint." (Doc. No. 18, filed June 20, 2011 [Mot.].) Defendants The Insurance Company of the State of Pennsylvania (hereinafter "ICSOP") and Chartis Claims, Inc. (hereinafter "Chartis ") filed a response in opposition to Plaintiffs' Motion on July 19, 2011 (Doc. No. 30 [Resp.]) and

Plaintiffs filed a reply in support of their Motion on August 12, 2011 (Doc. No. 44 [Reply]). Accordingly, this matter is ripe for the court's review and ruling.[1]

This case primarily revolves around whether Defendants American Safety Risk Retention Group, Inc., OneBeacon Insurance Company, ISCOP, and the Ohio Casualty Insurance Company (hereinafter the "Insurer Defendants") were required to defend and indemnify Plaintiffs with respect to an underlying lawsuit. In particular, Plaintiffs were involved in the development of real properties commonly known as The Falls at Legend Trail located in Broomfield County, Colorado. The Falls at Legend Trail Owners Association (the "Falls HOA") brought suit against Plaintiffs for property damage that allegedly arose from defective construction of The Falls at Legend Trail projects.

Plaintiffs allege that they provided timely notice of the Falls HOA's claims against them and sought defense and indemnification under the applicable insurance policies held with the Insurer Defendants. Nevertheless, Plaintiffs allege that the Insurer Defendants failed and refuse to meaningfully defend or indemnify Plaintiffs with respect to the Falls at Legend Trail action. Thus, Plaintiffs have brought the present action against the Insurer Defendants for breach of contract, statutory relief, and declaratory judgment. Plaintiffs also assert a negligence claim

---

[1] Ordinarily, the court would deny Plaintiffs' Motion without prejudice for failure to attach a proposed amended complaint. However, the court notes that this matter has been fully briefed, and finds that Plaintiffs have sufficiently detailed their proposed amendments in their Motion. Thus, to conserve the parties' resources and promote judicial economy, the court elects to address Plaintiffs' Motion on its merits.

against Chartis alleging that Chartis failed to exercises reasonable care in administering Plaintiffs' claim for defense and coverage under the policy issued by ISCOP.

In Plaintiffs' present Motion, Plaintiffs seek to add Chartis as a defendant to their existing Second Claim for relief alleging bad faith breach of insurance contract. ICSOP and Chartis Claims oppose Plaintiffs' Motion for reasons to be outlined below.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The court first notes that, at the time Plaintiffs filed their Motion, this case was less than a month old. Indeed, a Scheduling Order had not yet been entered. Moreover, a Scheduling Order has since been entered, in which the deadline for amending the pleadings was set for October 26, 2011. (Doc. No. 56 at 14, filed Sept. 19, 2011.) Thus, Plaintiffs' Motion is patently timely.

Nevertheless, ICSOP and Chartis argue that Plaintiffs' Motion is dilatory in nature and would result in undue delay. Specifically, ICSOP and Chartis argue that they have "spent considerable time, money and resources preparing their Motion to Dismiss, and the filing of a second amended complaint adding an additional claim at this late state in the briefing process could disturb those pleadings." (Resp. at 7.) The court finds this argument unconvincing. Permitting an opposing party to thwart a motion for leave to amend the pleadings simply by pointing to a previously-filed motion to dismiss would undermine the liberal policy toward granting motions for leave to amend to allow "claim[s] to be heard on [their] merits." *Calderon v. Kansas Dept. of Soc. & Rehab. Serv.,* 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman,* 371 U.S. at 181-82).

More to the point, the court finds that Plaintiffs are not attempting to use Rule 15 to make their complaint "a moving target." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a 'moving target.'") Indeed, the relative infancy of this case makes such a proposition nearly untenable. Altogether, despite ICSOP and Chartis protestations

4

to the contrary, the court finds that Plaintiffs' Motion was not filed with a dilatory motive, nor is it unduly delayed.

ICSOP and Chartis also argue that Plaintiffs' proposed bad faith breach of insurance contract against Chartis is futile. While "the court may deny leave to amend if the proposed amendments fail to state plausible claims for relief under Rule 12(b)(6)[,] . . . [p]rejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend." *Stender v. Cardwell,* 07-cv-2503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999), and *Minter,* 451 F.3d at 1207). Thus, where opposing parties "do not argue they face any—let alone undue—prejudice" if the court grants leave to amend the pleadings, their opposition to the motion is "grievously weakened." *Id.*

Here, ICSOP and Chartis do not, and likely could not, argue that they will face any prejudice if Plaintiffs' Motion is granted. Consequently, like in *Stender,* the court opts to preserve scare judicial resources and declines to address ICSOP and Chartis's futility argument. *Id.* Indeed, the court finds this approach to be particularly appropriate here because Plaintiffs' proposed claim against Chartis potentially involves a novel extension of state law, which would benefit from a more extended analysis. As such, this futility argument is likely better addressed after Plaintiffs' operative complaint is in place, and after ICSOP and Chartis file a motion to dismiss on the same grounds. *Id.*; *see also Gen. Steel Domestic Sales, LLC v. Steel Wise, LLC,* 2008 WL 2520423 (D. Colo. June 20, 2008) (noting that the defendants' futility argument "seems to place the cart before the horse," and that "[r]ather than force a Rule 12(b)(6) motion

5

into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.")

Therefore, it is

ORDERED that Plaintiffs' "Motion for Leave to File Second Amended Complaint" (Doc. No. 18) is GRANTED. Plaintiffs shall filed a Second Amended Complaint consistent with this Order no later than October 11, 2011.

Dated this 4th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge