IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11–cv–01346–MSK–KMT


LNC COMMUNITIES II, LLC, formerly known as GENESEE COMMUNITIES II, LLC,
successor by merger to GENESEE COMMUNITIES II, INC.,
THE GENESEE COMPANY, LLC, formerly known as FORTRESS GENESEE I, LLC,
successor by merger to THE GENESEE COMPANY,
LENNAR COLORADO, LLC, successor by merger to THE GENESEE COMPANY, LLC, and
LENNAR FAMILY OF BUILDERS LIMITED PARTNERSHIP,

     Plaintiffs,

v.

AMERICAN SAFETY RISK RETENTION GROUP, INC.,
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, n/k/a ONEBEACON
INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
THE OHIO CASUALTY INSURANCE COMPANY, and
CHARTIS CLAIMS, INC.,

     Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on "Plaintiffs' Motion to Remand." (Doc. No. 19, filed June 20, 2011 [Mot.].) Defendants Chartis Claims, Inc. ("Chartis") and The Insurance Company of the State of Pennsylvania ("ICSOP") filed a joint response on July 19, 2011 (Doc. No. 32 [Resp.]) and Plaintiffs filed their reply on August 19, 2011 (Doc. No. 48 [Reply]). Accordingly, this matter is now ripe for review and recommendation.

# BACKGROUND

Plaintiff originally filed this action on April 21, 2011 in state court—specifically, the District Court for the City and County of Denver, Colorado. (Doc. No. 1, Ex. A.) Plaintiff asserts claims against ICSOP, American Safety and Risk Retention Group, Inc. ("American Safety"), General Accident Insurance Company of America, n/k/a OneBeacon Insurance Company ("OneBeacon"), and The Ohio Casualty Insurance Company ("Ohio Casualty") (hereinafter, collectively, the "Insurer Defendants") alleging that the they were required to defend and indemnify Plaintiffs in an underlying state court action pursuant to insurance policies issued by the Insurer Defendants. Plaintiff also asserts claims against Chartis, ISCOP's claims administrator, for negligence and bad faith breach of insurance.

On May 20, 2011, ICSOP and Chartis filed their Notice of Removal with this court pursuant to 28 U.S.C. § 1441 and 1446. (Doc. No. 1 [Notice].) In their Notice, ICSOP and Chartis acknowledge that the amount in controversy exceeds the $75,000 jurisdictional prerequisite under 28 U.S.C. 1332(a). (*Id.* ¶ 2.) They further acknowledge that, although each of the Insurer Defendants is diverse from Plaintiff, Plaintiffs and Chartis are not diverse because they are incorporated in Delaware and are, therefore, both citizens of Delaware. (*Id.* ¶¶ 3-5.) However, ICSOP and Chartis maintain that Chartis has been fraudulently joined into this case because Plaintiffs have no colorable claim against Chartis under Colorado state law and that therefore removal of this case to federal court was appropriate. (*Id.* ¶¶ 6-7.)

Plaintiffs filed their present Motion to Remand on June 20, 2011. (*See* Mot.) Plaintiffs argue that remand is appropriate because the remaining Insurer Defendants did not join in, or

consent to, ICSOP and Chartis' removal. Plaintiffs also maintain that ICSOP and Chartis have failed to establish that Chartis was fraudulently joined in this action.

Ohio Casualty and American Safety joined in ICSOP and Chartis' Notice of Removal on On July 18, 2011. (Doc. No. 27 & 28.) OneBeacon followed suit on July 19, 2011. (Doc. No. 29.)

## ANALYSIS

### A. *D.C.COLO.LCivR 7.1A Duty to Confer*

As a preliminary matter, ICSOP and Chartis contend that Plaintiffs' Motion should be denied because Plaintiff did not comply with D.C.COLO.LCivR 7.1A's duty to confer. ICSOP and Chartis acknowledge that Plaintiffs' counsel called ICSOP and Chartis' counsel to advise that Plaintiffs intended to file a motion to remand on the basis that Chartis was not fraudulently joined. However, they maintain that Plaintiffs' counsel failed to disclose that Plaintiffs would move to remand on the additional basis that the remaining Insurer Defendants—American Safety, OneBeacon, and Ohio Casualty—had not joined in ICSOP and Chartis' Notice of Removal.

"The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.,* 214 F.R.D. 634, 635 (D. Colo. 2003). Notably, ICSOP and Chartis do not argue that, had Plaintiffs properly conferred on this issue, they would have reached an agreement on the motion to remand. *Ballard v. Tritos,* 10-cv-02757–PAB-KMT, 2010 WL 5559544, at *1 (D. Colo. Dec. 30, 2010) (rejecting an argument that a motion to

3

remand should be denied pursuant to Local Rule 7.1A where is was "specious" that actual conferral might have resulted in an agreement between the parties on the motion). Indeed, for this reason, one decision from this district equated a motion to remand with a motion to dismiss under Rule 12, for which there is no duty to confer, and concluded that compliance with Local Rule 7.1A is not required for a motion to remand. *Julius v. Metro. Cas. Ins. Co.,* 07–cv-02460–WDM-CBS, 2008 WL 1806134, at *2 (D. Colo. Apr. 21, 2008); *see also* D.C.COLO.LCivR 7.1A.

While the court does not go so far as to say that conferral is not required for a motion to remand—indeed the plain language of Local Rule 7.1 suggests otherwise—the reasoning of *Julius* and *Ballard* does persuade the court that denying Plaintiffs' motion for failing to confer would be unwarranted. ICSOP and Chartis' do not maintain that a full disclosure of the ground supporting Plaintiffs' Motion would have led to any agreement on the subject-matter of Plaintiffs' Motion or that judicial or party resources would have somehow been conserved.

Instead, ICSOP and Chartis argue that, when considered in light of the timing of Plaintiffs' Motion—namely, that it was filed late in the evening on the last day that ICSOP and Chartis could have timely obtained the remaining Insurer Defendants joinder in the removal—Plaintiffs' conferral efforts reek of "gamesmanship." Plaintiffs, however, are not responsible for ensuring full compliance with the removal statute's requirements—ICSOP and Chartis are. Moreover, the court finds that Plaintiffs gained little, if any, advantage by pursuing this course of action. Plaintiffs could have just as easily waited until the following day to confer

4

and file their Motion, at which point ICSOP and Chartis' opportunity to cure this purported defect would have passed.

Altogether, while the court does not endorse Plaintiffs' conferral efforts, the court declines to deny Plaintiffs' Motion on this ground. Accordingly, the court turns to the merits of Plaintiffs' Motion.

## B.     *Timeliness of Removal*

Plaintiffs argue that the May 20, 2011 removal was untimely, and that remand is appropriate, because American Safety, Ohio Casualty, and OneBeacon did not join in ICSOP and Chartis' removal within 30 days. It is undisputed that American Safety, Ohio Casualty, and OneBeacon did not join in the removal until well-after June 20, 2011. Rather, the parties dispute whether service on the first defendant triggers the statutory period or whether the triggering date is the day the last defendant was served.

28 U.S.C. § 1446(b) provides, in pertinent part, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." "This seemingly straightforward rule becomes complicated when multiple defendants are involved, and two competing rules have emerged in cases involving more than one defendant." *Hartford Steam Boiler Inspection and Ins. Co. v. Riviera Electric LLC,* 05-cv-01797-WYD-MEH, 2006 WL 1046962, at *1 (D. Colo. Apr. 19, 2006). The "first-served rule" interprets the § 1446(b) "to require that all served defendants, except nominal defendants, join in, or consent to, the removal petition within thirty days of the date on

5

which the first defendant is served." *Smola v. Trumbull Ins. Co.,* 317 F. Supp. 2d 1232, 1232 (D. Colo. 2004). On the other hand, under the "last served rule," "the statutory thirty-day period begins to run when the last defendant is served." *Id.*

Neither the Supreme Court nor the Tenth Circuit has addressed whether the first-served rule or the last-served rule controls the timing of removal in cases with multiple defendants. Circuits are split as to which rule applies. *Fagin v. Day,* 07-cv-00426–WDM–MJW, 2007 WL 2990620, at *1 (D. Colo. Oct. 11, 2007) (collecting cases). However, the trend in this district favors the first-served rule. *Compare Fagin,* 2007 WL 2990620, at *1-2; *Cellport Systems, Inc. v. Peiker Acustic GMBH & Co.,* 335 F. Supp. 2d 1131, 1133-34 (D. Colo. 2004); *and Smola,* 317 F. Supp. 2d at 1233; *with Hartford Steam,* 2006 WL 1046962, at *1.

The decisions from this district adopting the first-served rule have noted that "[l]ong-standing policy considerations weigh in favor of adopting the first-served rule." *Fagin,* 2007 WL 2990620, at *2. "'[F]ederal courts are courts of limited jurisdiction[; therefore,] there is a presumption against [their] jurisdiction.'" *Id.* (quoting *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991)) (alterations in original). As such, "removal statutes are to be 'strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers.'" *Cellport,* 335 F. Supp. 2d at 1133 (quoting *Scheall,* 930 F. Supp. at 1449 & citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941)). "The first-served rule promotes these policies. '[B]y restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be

6

strictly construed against removal.'" *Fagin,* 2007 WL 2990620, at *2 (quoting *Brown v. Demco,* 792 F.2d 478, 482 (5th Cir. 1986)).

Additionally, the first served rule "settles at an early stage the question of whether the litigation will proceed in a federal or state forum." *Smola,* 317 F. Supp. at 1233. The last-served rule, on the other hand, "would allow a defendant who has evaded service or as to whom service has been difficult or delayed to remove within that defendant's thirty-day period provide only that all other defendants (including those who may have been served months earlier) consent to removal." *Id.* at 1233.

The only decision from this district adopting the last-served rule expressly limited its holding to the unique circumstances before it. *Hartford Steam,* 2006 WL 1046962, at *2. In *Hartford Steam,* the removing defendant was added as a defendant by way of an amended complaint nearly six months after the original complaint was filed and served. *Id.* at *1. Under those circumstances, the court noted that "[i]f the first-served rule applied, [the removing defendant] would be inequitably deprived of its removal rights." *Id.* at *2 (citing *Bussey v. Modern Welding Co.,* 245 F. Supp. 2d 1269, 1274 (S.D. Ga. 2003)). The court further noted that the plaintiffs "controlled the lawsuit" and, because the area of law was unsettled, "knowingly risked removal by adding [the removing defendant]." *Id.* at *1. Notably, the court limited its holding to "actions in which defendants are added by amended complaint"; if it were "faced with a situation in which all defendants were named in the same complaint but were served on different dates, [it might have] reached a different result." *Id.*

Because this case does not present any unique circumstances on par with those presented in *Hartford Steam,* the court adheres to the trend in this district, as well as the reasoning supporting those decisions, and follows the first-served rule. Here, Defendants were all served via the Colorado Division of Insurance, as permitted by Colo. Rev. Stat. § 10-3-107, on May 20, 2011.[1] (*See* Mot., Ex. 2.) ICSOP and Chartis filed their notice of removal the same day. (*See* Notice.) Accordingly, American Safety, Ohio Casualty, and OneBeacon were required to join in, or consent to, ICSOP and Chartis' removal no later than June 20, 2011. *Smola*, 317 F. Supp. 2d at 1232. However, American Safety and Ohio Casualty did not join in the removal until July 18, 2011, and OneBeacon did not join in the removal until July 19, 2011. Accordingly, the court finds that removal was procedurally defective and remand is appropriate.[2]

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

"Plaintiffs' Motion to Remand" (Doc. No. 19) be GRANTED and that this case be

---

[1] Arguably, because Defendants were all served via the Division of Insurance on May 20, 2011, it should not matter whether the court employs the first-served or the last-served rule. However, one decision from this district suggests that the thirty-day period specified in § 1446(b) does not being to run until the initial defendant "actually received and could review the summons and complaint." *See Peralta v. Am. Home Assurance Co.,* 06-cv-02082-REB-MEH, 2007 WL 2786425, at *1 (D. Colo. Sept. 24, 2007). Because, ICSOP and Chartis' removal is deficient under the first-served rule even under *Peralta's* holding, and because Plaintiffs have not drawn this holding into question (*see* Reply at 5), the court assumes, without deciding, that this interpretation of § 1446(b) is correct.

[2] Because the court finds that remand is appropriate on timeliness grounds, the court does not address whether Chartis was fraudulently joined as a defendant.

REMANDED to the Denver County (Colorado) District Court.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of January, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge